UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
DISTRICT OF NEW YORK

|  |  |
|---|---|
| ------------------------------------------------------------<br>BRIAN FITZGERALD and TARYN M.<br>FITZGERALD as Executors of the Estate of<br>FREDERICK J. BYRNE, Deceased.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.<br>------------------------------------------------------------ | Case No. _____ |

## COMPLAINT

Plaintiffs, BRIAN FITZGERALD and TARYN M. FITZGERALD as Executors of the Estate of FREDERICK J. BYRNE, deceased, by their counsel, for their Complaint against Defendant, United States of America, states as follows:

### INTRODUCTION

1. This action is brought pursuant to Federal Tort Claim Act, 28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for medical malpractice, negligence and wrongful death in connection with care, treatment and supervision provided to decedent, FREDERICK BYRNE, by the Northport Veterans Affairs Medical Center (hereinafter "Defendant").

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff executors are residents of Nassau County, New York.

3. Decedent, FREDERICK BYRNE, (hereinafter "Decedent") was a resident of

Community Living Center at the Northport Veterans Affairs Medical Center.

4. Defendant the UNITED STATES OF AMERICA, through its agency and employees, did and now does, operate the Northport Veterans Affairs Medical Center located at 79 Middleville Road, Northport, NY 11768-2200.

5. Pursuant to 28 U.S.C.A. § 2675, on July 30, 2018, plaintiffs made their claims in writing to the Department of Veterans' Affairs, a copy being annexed as **Exhibit "A,"** for the amount sought herein on account of the actions alleged herein. On September 6, 2018, our office received an acknowledgment letter from the U.S. Department of Veterans Affairs, Office of General Counsel, (see **Exhibit "B."**)

6. As six months have elapsed since serving notice of the claim upon the Chief Counsel for the Department of Veterans affairs and having not received a denial of the claim, all conditions precedent to the Federal Tort Claims Act have been met under 28 U.S.C. §§ 1346(b), 2401(b) and 2671-2680.

7. Venue is properly within this District under 28 U.S.C. § 1402(b), as the acts complained of occurred in Suffolk County, State of New York in the Eastern District of New York.

### AS AND FOR A FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE

8. Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

9. That at all times hereinafter mentioned, Defendant operated the Northport Veterans Affairs Medical Center ("Medical Center").

10. That at all times hereinafter mentioned, Defendant operated a residential healthcare facility at the Northport Veterans Affairs Medical Center known as the Community Living Center.

11. That at all times hereinafter mentioned, Defendant its agents, servants, and/or employees supervised the aforementioned Medical Center.

12. That at all times hereinafter mentioned, Defendant its agents, servants, and/or employees controlled the aforementioned Medical Center.

13. That at all times hereinafter mentioned, Defendant its agents, servants, and/or employees supervised the aforementioned Community Living Center.

14. That at all times hereinafter mentioned, Defendant its agents, servants, and/or employees controlled the aforementioned Community Living Center.

15. That at all times hereinafter mentioned, Decedent was a patient of the Medical Center operated by Defendant.

16. That at all times hereinafter mentioned, Decedent was a resident of the Community Living Center.

17. That at all times hereinafter mentioned, Defendant provided, performed, and/or rendered care, treatment, assistance, and/or services to Decedent at the Medical Center.

18. That at all times hereinafter mentioned, Defendant provided, performed, and/or rendered care, treatment, assistance, and/or services to Decedent at the Community Living Center.

19. That at all times hereinafter mentioned, Defendant employed doctors, nurses, aides, attendants, and other staff, who were authorized, instructed or permitted by said Defendant to provide, perform, and/or render care, treatment, assistance, and/or other services to Decedent

at the Medical Center operated by said Defendant.

20. That at all times hereinafter mentioned, Defendant employed doctors, nurses, aides, attendants, and other staff, who were authorized, instructed or permitted by said Defendant to provide, perform, and/or render care, treatment, assistance, and/or other services to Decedent at the Community Living Center operated by said Defendant.

21. That at all times hereinafter mentioned, Defendant held itself out to Decedent, as possessing the proper degree of learning, skill and diligence that it undertook to provide reasonable care, treatment, assistance and other services to Decedent.

22. That at all times hereinafter mentioned, Defendant owed a duty to Decedent to render care, treatment, assistance, supervision and other services in a safe and appropriate manner, including supervision of Decedent.

23. Than on August 7, 2017, Decedent was assessed at the Medical Center with complaints of intermittent sharp chest pains for two days.

24. Than on August 7, 2017, Decedent was improperly provided a diagnosis of pleurisy and discharged the same day back to the Community Living Center.

25. A blood test taken that the Medical Center revealed an elevated white blood cell count but no etiology was determined or treatment rendered for the condition.

26. That upon return to the Community Living Center, Defendant's staff noted Decedent not to be acting like himself.

27. Thereafter, Decedent fell and fractured his right hip.

28. That Defendant failed to diagnose and treat Decedent' bacterial infection before discharging him.

29. Defendant failed to admit Decedent to the Medical Center for cardiac observation and diagnose his coronary artery disease before discharging him.

30. That Defendant failed to re-admit Decedent to the Medical Center, when its staff observed him not acting like himself after being discharged back to the Community Living Center.

31. That at all times hereinafter mentioned, Defendant was and is vicariously liable for the acts of its employees.

32. That at all times hereinafter mentioned, Defendant, failed to properly assess the care needs for Decedent.

33. That at all times hereinafter mentioned, Defendant failed to implement appropriate fall precaution measures for Decedent.

34. That at all times hereinafter mentioned, Defendant failed to provide Decedent, with adequate and appropriate medical care and supervision.

35. That on August 7, 2017, while Decedent, was under the care, treatment and supervision of Defendant, he was caused to fall and sustain severe injuries.

36. That a result of Defendant's aforementioned failures in the care, treatment and supervision of Decedent, he was caused to fall and sustain serious injury leading to his death.

37. The above medical care, diagnosis, treatment, supervision and services rendered to Decedent, by Defendant were rendered carelessly, unskillfully, negligently, grossly negligently, recklessly and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, causing Decedent to fall on or about August 7, 2017.

38. That no negligence on the part of the Decedent contributed to the occurrence or injuries.

39. By reason of the above, Decedent sustained great pain, agony, injury, suffering, as well as mental anguish and emotional distress.

40. The acts and/or omissions set forth above would constitute a claim under the law of the State of New York.

41. Defendant is liable pursuant to 28 U.S.C.A. § 1346(b)(1).

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## NEGLIGENCE

42. Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

43. That at all times set forth herein mentioned Defendant owed a duty to Decedent to render care, treatment, assistance and other services in a safe and appropriate manner, including supervision of Decedent.

44. That the above mentioned occurrence, and the results, thereof, were caused by the negligence, gross negligence, recklessness and carelessness of Defendant and/or its agents, servants, employees and/or licensees in the failure to properly and adequately manage and supervise the Decedent.

45. That no negligence on the part of Decedent contributed to the occurrence alleged herein in any manner whatsoever.

46. By reason of the above, Decedent sustained great pain, agony, injury, suffering, as well as mental anguish and emotional distress.

47. The acts and/or omissions set forth above would constitute a claim under the law of the State of New York.

48. Defendant is liable pursuant to 28 U.S.C.A. § 1346(b)(1).

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## WRONGFUL DEATH

49.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

50.     That as a result of the foregoing, Decedent was caused to die.

51.     That the Decedent left heirs, next of kin and/or distributees surviving who, by reason of the decedent's death, have suffered a pecuniary loss including, but not limited to, support, services, guidance and estate of the decedent and were all permanently damaged.

52.     That by reason of the foregoing, Decedent's heirs, next of kin and/or distributees have been damaged in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction of this matter.

53.     Defendant is liable pursuant to 28 U.S.C.A. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, the Estate of FREDERICK J. BYRNE, demands judgment against the Defendant, the UNITED STATES OF AMERICA, as follows:

1) Personal injury damages, including medical expenses, pain and suffering and the loss of enjoyment and quality of life, in the sum of $1,000,000.00;

2) Wrongful death damages in the sum of $500,000.00; and

3) Costs and attorney's fees incurred in this civil action, together with such further and other relief at law or equity that that this Court may deem proper.

DATED:   Mineola, New York
         July 29, 2019

TODD M. RUBIN (TR-5465)
Admitted EDNY on 3/8/96
FINZ & FINZ, P.C.
Attorneys for Plaintiffs
*BRIAN FITZGERALD and TARYN M. FITZGERALD as Executors of the Estate of FREDERICK J. BYRNE*
410 East Jericho Turnpike
Mineola, NY 11501
(516) 433-3000

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
DISTRICT OF NEW YORK

---

BRIAN FITZGERALD and TARYN M. ) Case No. _____
FITZGERALD as Executors of the Estate of )
FREDERICK J. BYRNE, Deceased. )
)
                                                                   Plaintiffs, ) **CERTIFICATE OF**
) **MERIT**
v. )
)
UNITED STATES OF AMERICA, )
)
                                                                  Defendant. )

---

      TODD M. RUBIN, ESQ., an attorney and counselor of law duly admitted to practice in the Eastern District of New York, and associated of the firm of FINZ & FINZ, P.C., attorneys for the plaintiffs herein, affirms the following statement to be true under the penalties of perjury.

      Your affirmant has reviewed the facts of the above action and has consulted with a physician, who your affirmant reasonably believes is knowledgeable in the relevant issues involved in the within action. Based upon said review and consultation, your affirmant has concluded that there is a reasonable basis for the commencement of the within action.

DATED:    Mineola, New York
                July 29, 2019

                                                                                   TODD M. RUBIN

## ATTORNEY'S VERIFICATION

**STATE OF NEW YORK** }
                     } SS:
**COUNTY OF NASSAU**  }

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of FINZ & FINZ, P.C., attorneys of record for the plaintiffs herein, affirms as follows:

That he has read the attached VERIFIED COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of her knowledge.

That affirmant's source of information is facts as ascertained from plaintiffs, upon investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that plaintiffs does not reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

DATED:   Mineola, New York
         July 29, 2019

_____
TODD M. RUBIN